UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| F. PATRICK QUINN, III | CIVIL ACTION |
| VERSUS | NO. 18-6999 |
| DIANA N. PALMER, EDWIN M. PALMER, and DECATUR HOTELS, LLC | SECTION M (2) |

### ORDER & REASONS

Before the Court is the motion of plaintiff F. Patrick Quinn, III ("Quinn") to remand[1] the captioned case, which was removed to this Court on July 25, 2018, by defendants Edwin M. Palmer, III, Diana Palmer, and Decatur Hotels, LLC (the "Defendants"). Defendants did not file a timely opposition to the motion, but did file a paper entitled "Notice of Significant Events Relative to Pending Motions and Supplemental Opposition to Motion to Remand" on October 17, 2018,[2] almost two months later than the deadline for any opposition to the motion to remand.[3] *See* 28 U.S.C. § 1447. Thereafter, Quinn opposed the filing of the "supplemental opposition" to his motion to remand.[4] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

---

[1] R. Doc. 13.
[2] R. Doc. 27-3.
[3] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date. Defendants did not file an opposition to Quinn's motion to remand within this prescribed time. Instead, they filed the notice of "supplemental opposition" well after this time. Leave was not granted to file Defendants' notice of "supplemental opposition," but the Court has considered it in trying to sort out Defendants' asserted grounds for federal jurisdiction. On December 4, 2018, Defendants sought leave to file yet another "supplemental opposition" to the motion to remand, notwithstanding the failure to file a timely opposition in the first instance. R. Doc. 33. Leave was denied. R. Doc. 36. Defendants' failure to oppose the motion to remand in a timely manner constitutes another ground – purely procedural in nature – upon which the motion to remand may be granted. Nevertheless, the Court has weighed the merits of the motion.
[4] R. Doc. 30.

I.      BACKGROUND

This case represents just one of the more recent court battles waged between Quinn and Palmer, former business associates who apparently cannot now get along. Among their business ventures together was their membership interest in Decatur Hotels, LLC, which was formed at least in part to run a hotel.

In 2013, Quinn commenced the underlying state-court proceeding with the filing of a petition for specific performance and damages.[5] The defendants (not all of the Defendants) answered the petition in 2013 without removing the case.[6] In October 2014, Quinn filed a first supplemental and amending petition.[7] Again, the defendants answered the amending petition in early 2015 without removing the case.[8] In March of 2017, Quinn filed a second supplemental and amending petition (which by this time included all of the Defendants).[9] The case was also not removed in 2017 in response to this amending petition. It is undisputed that Quinn, Edwin M. Palmer, III, Diana Palmer, and Decatur Hotels, LLC are all citizens of Louisiana. Hence, there was (and is) no diversity of citizenship between the parties as would support federal subject-matter jurisdiction. Nor did Quinn, as the state-court petitioner, assert a federal question in his state-court petition as would support federal subject-matter jurisdiction. The petition initiated a derivative action against Decatur Hotels, LLC, and an action against Palmer, as the member-manager of Decatur Hotels, LLC, alleging claims for conversion, self-dealing, breach of fiduciary duty, breach of the operating agreement, and an accounting – all quintessential state-law claims.

On July 25, 2018, the Defendants filed their verified notice of removal,[10] citing a litany of

---

[5] R. Doc. 1-1 at 1-7.
[6] *Id.* at 8-19.
[7] *See* R. Doc. 1-1 at 20.
[8] R. Doc. 1-1 at 20-27.
[9] R. Doc. 1-2 at 20-24.
[10] R. Doc. 1.

purported grounds for federal jurisdiction, including (1) the state court's alleged refusal, in rulings issued on June 29, 2018, to give full faith and credit to a judgment of the bankruptcy court rendered on August 11, 2011, in a wholly separate bankruptcy proceeding concerning the sale of a hotel other than the one managed by Decatur Hotels, LLC;[11] (2) the state court's alleged refusal to dismiss "Quinn's attacks on June 29, 2018" when the bankruptcy court retained exclusive jurisdiction to enforce its August 11, 2011 judgment; (3) the state court's refusal to take up issues related to the sale of the St. James Hotel, even though Defendants claimed these issues were involved in the subject matter of a separate proceeding pending in federal court;[12] (4) the state court's denial of a motion to stay due to the pendency of litigation in yet another bankruptcy case;[13] (5) the state court's denial of Palmer's motion to strike a contempt proceeding against him, which purportedly raised "serious constitutional questions"; and (6) complete preemption arising from Quinn's alleged bankruptcy fraud and failure to pay a sanctions order.

## II. THE PENDING MOTION

Quinn contends that removal of this case was "improvident" because this Court lacks federal subject-matter jurisdiction over a case that had been pending for five years in state court "with absolutely no change in the action or discovery of some evidence that would constitute a federal question."[14] Quinn contends that there were no filings, no new substantive allegations, or no new discovery in the 30 days prior to removal that gave rise to a federal question.[15] In particular, Quinn says that none of the state court's June 29, 2018 rulings, upon which Defendants predicate this removal, gave rise to a federal question.[16]

---

[11] *The Commodore, LLC*, Case No. 10-13912 (Bankr. E.D. La.). *See* R. Doc. 1-3 at 18-26.
[12] *333 Magazine Street, LLC v. B.M. Hotels, LLC*, No. 17-6709 (E.D. La.).
[13] *In re Decatur Hotels, LLC*, No. 10-14721 (Bankr. E.D. La.).
[14] R. Doc. 13 at 1.
[15] R. Doc. 13-1 at 1-2, 6.
[16] *Id.* at 2.

3

In their notice of "supplemental opposition" to the motion to remand, Defendants simply urge that this Court should exercise jurisdiction over a plethora of disputes between these parties – including, presumably, the removed proceeding – as a matter of judicial economy and to speed the resolution of these matters.[17] Quinn responds that any delay in a resolution of the removed proceeding is of the Defendants' own making and that Defendants' effort to obtain "federal review of matters previously adjudicated in a state court" should be rejected because federal subject-matter jurisdiction does not exist.[18]

### III. LAW & ANALYSIS

#### A. Remand Standard

The federal court's jurisdiction is examined as of the time of removal. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

The time limits for removal are set forth in 28 U.S.C. § 1446(b). Generally, a civil action must be removed within 30 days after the defendant receives a copy of the initial pleadings "setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. §1446(b)(1).

---

[17] R. Doc. 27-3 at 9-10.
[18] R. Doc. 30 at 1-2.

4

However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. at § 1446(b)(3). "The information supporting removal in a copy of an amended pleading, motion, order or other paper … must be unequivocally clear and certain to start the time limit running." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608-09 (5th Cir. 2018) (citations and quotations omitted).

### B. Analysis

"[A] removing defendant bears the burden of pointing to the evidence demonstrating that removal is proper." *Morgan*, 879 F.3d at 611 (citations omitted). In *Morgan*, the Fifth Circuit held that "Section 1446(b)'s removal clock begins ticking upon receipt" of the document said to constitute the "other paper" – there, a deposition transcript, as opposed to the oral testimony at deposition. *Id.* at 612. The court reasoned that the plain meaning of the removal statute's operative terms for the removal trigger – namely, "paper," "receipt," "copy," and "ascertain" – "suggests that the information giving notice of removal must be contained in a writing." *Id.* at 608-09.

More substantively, "[t]he federal contention or right that provides the predicate for removal must not be asserted as part of an issue that is merely collateral or incidental to a claim that is primarily based in state law. Nor can the federal issue appear for the first time in the defendant's answer, by way of defense. Neither is it sufficient for the federal issue to enter the case through a counterclaim asserted by the defendant." 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722 (4th ed. 2018). There must be a substantial federal question that is an integral element of the plaintiff's claim for relief, not merely an ancillary federal issue. *See, e.g.*, *Metheny v. Becker*, 352 F.3d 458 (1st Cir. 2003) (state-law

5

action challenging, as an abuse of discretion, issuance of a variance pursuant to consent decree entered in prior federal action does not require resolution of any federal issue); *Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 118 (E.D.N.Y. 2005) (allegation that state court violated plaintiff's due process rights could not serve as basis for removal to federal court); *Fisher v. White*, 715 F. Supp. 37 (E.D.N.Y. 1989) (suit in state court alleging abuse of process in executing federal judgment did not implicate federal interest as to allow removal). Further, that the state-court action removed to federal court might be regarded as an improper attack on a prior federal judgment does not provide grounds for removal. *See Rivet v. Regions Bank*, 522 U.S. 470, 474-77 (1998).

It is undisputed that Quinn's petition, as originally filed in state court in 2013 and then as amended in 2014 and 2017, asserted only state-law claims between nondiverse parties. As a consequence, it was nonremovable, then, and was not removed by Defendants on any of those occasions. Defendants assert that the case became removable as a result of the state court's actions in denying Defendants the relief they sought in state court in June of 2018. The assertion is without merit for at least three reasons.

First, Defendants do not allude to or attach any writing that can be said to constitute an "other paper" under the removal statute. Hence, Defendants have not borne their burden of pointing to a writing indicating that removal is proper at this late juncture. *See Morgan*, 879 F.3d at 611.

Second, the relief Defendants sought in state court was part and parcel of their defense of Quinn's nonremovable state-law claims. As such, the state court's denial of such relief was tantamount to a rejection of the Defendants' defenses, and did not transform the issues raised by the defenses into a part of Quinn's original state-court claims. Hence, because the alleged federal issue that is the predicate for removal cannot be merely collateral or incidental to a claim based

6

primarily in state law or asserted by way of defense, the state court's actions with respect to the Defendants' request for relief in defense of Quinn's state-court claims cannot be the predicate for removal.[19]

Third, the state court's actions of which Defendants complain do not themselves raise a federal issue providing grounds for removal. A federal court may not entertain a collateral attack upon a state court's rulings. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). The gravamen of Defendants' claimed federal question jurisdiction is that they have been and are being treated unfairly in the Louisiana state court system. Federal question jurisdiction is not so easily invoked. *See Newman*, 388 F. Supp. 2d at 118. Instead, the party must seek such relief in the state court.

Finally, without explanation, Defendants assert in their notice that removal of the case is supported by "complete preemption" arising from Quinn's alleged bankruptcy fraud and failure to pay a sanctions order.[20] One court has explained the "complete preemption" doctrine as follows:

> The Supreme Court has made clear that, to determine whether a claim arises under federal law, a court, under the "well-pleaded complaint" rule, generally looks only to the plaintiff's complaint. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & N.R. Co. V. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). If the complaint relies only on state law, the district court generally lacks subject matter jurisdiction and the action is not removable.
>
> However, as *Franchise Tax Board* [*v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)] acknowledged, the Supreme Court has developed a limited exception to the well-pleaded complaint rule: the "complete preemption" doctrine. If Congress intends that a federal statute should "completely preempt" an area of state law, any complaint alleging claims under that area of state law is presumed to allege a claim arising under federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546-1547, 95 L.Ed.2d 55 (1987). The complaint may thus be removed to federal court and will be treated as alleging a federal cause of action, notwithstanding that on its face, the plaintiff's complaint alleges only a state-law cause of action.

---

[19] Regardless, Defendants have not established that any of their defenses to Quinn's state-court claims even involved or implicated federal law.

[20] R. Doc. 1 at 2-3.

It is not enough, however, to determine the removability of an action to federal court under the "complete preemption" doctrine that federal law "preempts" state law. ("ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." *Id.* at 64, 107 S.Ct. at 1547.) Rather, it is only when the federal statutory language demonstrates that Congress has manifested a clear intent that claims not only be preempted under the federal law, but also that they be removable, that they are deemed to be "completely preempted." *See id.* at 66-67, 107 S.Ct. at 1547-1548. "The rationale is that in such situations the federal statutory laws 'supersede both the substantive and remedial provision of state' law creating a strong form of federal preemption – presumably because of the additional need for a strong form of national uniformity implied by Congress when it made federal court jurisdiction exclusive after broadly preempting state law." *Ritchie v. Williams,* 395 F.3d 283, 286 (6th Cir. 2005). In other words, the complete preemption doctrine is not simply one of preemption of the law, it is a sort of "super" preemption which preempts not only state law, but also creates federal removal jurisdiction – to use the jargon of the day, it is "preemption on steroids."

What must be made clear, however, is that "complete preemption" – no matter how powerful when properly present in a case – is of very limited application: it is a very limited exception to the well-pleaded complaint rule. In fact, the Supreme Court has demonstrated a reluctance to extend application of the "complete preemption" doctrine, largely limiting its finding of complete preemption to a handful of federal statutes, the most widely recognized of these being the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a) ("ERISA"). *See Metropolitan Life Ins. Co. v. Taylor, supra; Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

*Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552-53 (6th Cir. 2005) (noting that complete preemption has also been extended to usury claim against national bank under the National Bank Act, 12 U.S.C. §§ 85, 86; and to tort actions arising out of nuclear accidents under Price-Anderson Act, 42 U.S.C. § 2014(hh); and to state copyright claims in light of Copyright Act, 17 U.S.C. § 301(a), but holding former employee's state-law claims not completely preempted by her alleged perjury in prior federal sex discrimination action); *see Ezell v. Kan. City S. Ry. Co.*, 866 F.3d 294, 297 (5th Cir. 2017) (noting complete preemption includes state-law tort claims against railroad for blocking traffic crossing under the Interstate Commerce Commission Termination Act, 49 U.S.C.

§§ 10101, *et seq.*).

Defendants identify no authority extending the complete preemption doctrine to cases involving the kind of state-law claims asserted by Quinn here. Nor do they identify any authority extending the doctrine to state-law claims bearing any nexus, much less the slight nexus present here, to allegations of bankruptcy fraud or a failure to pay a bankruptcy court's sanctions order. Given the limited instances of complete preemption recognized by the law and the narrowness of the doctrine's application to allow a plaintiff's state-law claim to be treated as a federal claim for purposes of removal, it is apparent that the doctrine should not be extended to the case at bar. Defendants have not demonstrated any, much less all, of the three elements the Fifth Circuit requires for complete preemption over otherwise purely state-law claims – namely, that (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) that there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) that there is a clear congressional intent that claims brought under the federal law be removable. *See, e.g. Alexander v. Woodlands Land Dev. Co.*, 325 F.Supp. 3d 786, 792 (S.D. Tex. 2018) (National Flood Insurance Act did not completely preempt homeowners' state-law claims) (quoting *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003)); *Rogers v. American Airlines, Inc.*, 192 F. Supp. 2d 661 (N.D. Tex. 2001) (passengers' state-law claims not completely preempted under Warsaw Convention as to support removal to federal court). Complete preemption cannot serve as a basis for removal of this case.

## IV. CONCLUSION

Accordingly, because none of the grounds urged by Defendants supports the removal of the case to this Court,

IT IS ORDERED that Quinn's motion to remand is GRANTED.

New Orleans, Louisiana, this 19th day of December, 2018.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE